**Herbert W. HARRIS, Appellant,**

v.

**STATE OF MISSOURI; Bill Armontrout, Appellees.**

**No. 91–1446.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1991.

Decided April 1, 1992.

Michael J. Gorla, Clayton, Mo., argued, for appellant.

Stephen Hawke, Jefferson City, Mo., argued, for appellees.

Before ARNOLD * and FAGG, Circuit Judges, and WOODS,** District Judge.

FAGG, Circuit Judge.

A state court jury convicted Herbert W. Harris of forcible rape, assault, burglary, robbery, armed criminal action, and exhibiting a deadly weapon in a threatening manner. The jury recommended sentences totalling 105 years plus life imprisonment, and the trial court ordered the sentences to run consecutively. In this 28 U.S.C. § 2254 habeas corpus action, Harris raises a number of contentions attacking his conviction and sentence. The district court denied Harris relief, and we affirm.

The facts controlling the issues Harris raises are not complicated. Harris and the State engaged in plea bargain negotiations, but reached an impasse. Late in the afternoon on the first day of Harris's trial, Harris's attorney and the prosecution completed jury selection. The trial judge ex-

---

* The Honorable Richard S. Arnold became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992.

** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

cused the jury and scheduled the trial to begin the following morning. Before the trial judge left the courthouse, however, Harris had a change of heart and decided to accept the State's offer to plead guilty and receive a twenty year sentence. Harris's attorney and the prosecutor asked the judge to return to the bench and take Harris's plea. The judge returned to the bench, but he refused to accept the plea agreement. Instead, the judge told Harris he would accept a plea with a twenty-five year sentence. Harris did not respond. When the judge asked Harris why he waited until after a jury had been selected to accept the State's offer, Harris replied, "I think I can beat this." The judge then told Harris, "If there's a plea tomorrow morning, I will not take less than thirty years."

The following morning, before the trial began, the judge gave Harris several opportunities to plead guilty without being bound to the plea if he considered the resulting sentence too long. The judge never indicated he would impose a thirty year sentence or refuse to consider a lesser period. Harris did not pursue the judge's open-ended invitation to enter a guilty plea. Harris neither inquired whether the judge would consider a sentence less than thirty years, nor offered to plead guilty with a twenty-five year sentence, nor asked the judge to reconsider the twenty-year plea agreement. Rather, Harris made it clear he did not wish to plead guilty and would not consider any plea bargain unless the State first made a new offer and obtained the judge's assent to the offer's terms. The State did not wish to extend any new offers, so the trial proceeded. The jury found Harris guilty on all counts.

■ Harris first contends he received ineffective assistance of appellate counsel because his attorney failed to appeal the trial judge's refusal to recuse himself from presiding over Harris's trial. The Supreme Court's *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), analysis for ineffective assistance of counsel applies to claims based on an appellate attorney's performance. *Blackmon v. White,* 825 F.2d 1263, 1265 (8th Cir.1987).

Thus, Harris is entitled to habeas relief on this basis if he can show his appellate attorney's performance was deficient and "a reasonable probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Having reviewed the record, we conclude Harris has failed to make this showing.

■ Although Harris contends the trial judge's refusal to disqualify himself "infected" the trial, Harris has failed to show either actual or presumed bias by the trial judge rising to the level of a constitutional violation. *See Dyas v. Lockhart,* 705 F.2d 993, 996–97 (8th Cir.), *cert. denied,* 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983). Harris points to the trial judge's refusal to accept the plea agreement between Harris and the State as evidence of the judge's bias against him. An unfavorable judicial ruling, however, does not raise an inference of bias or require the trial judge's recusal. *See Holloway v. United States,* 960 F.2d 1348, 1351 (8th Cir.1992). Harris further contends the trial judge was angry with him for having delayed in agreeing to the State's plea bargain. Despite the trial judge's late-in-the-day displeasure with Harris for waiting until after a jury had been selected to accept the State's offer, nothing in the record shows the judge held a grudge against Harris during the remainder of the trial. Indeed, the judge presided in an even-handed manner while conducting an impartial trial. Harris has simply failed to show how his trial was unfair. Given these circumstances, we are convinced an appeal based on the trial judge's refusal to recuse himself would not have produced a reversal of Harris's conviction.

■ In his second contention, Harris repeats his claim of bias by the trial judge. Harris contends he is entitled to be resentenced because the judge "vindictively punished" him with an "astronomical sentence" for going to trial instead of pleading guilty and accepting a twenty-five year sentence. We disagree.

A trial judge cannot punish a defendant for exercising the constitutional right to a jury trial. *United States v. Carter*, 804 F.2d 508, 513 (9th Cir.1986); *see North Carolina v. Pearce*, 395 U.S. 711, 723–24, 89 S.Ct. 2072, 2079–80, 23 L.Ed.2d 656 (1969). In this case, however, the record shows the trial judge did not interfere with Harris's choice to pursue a jury trial and did not impose a punitive sentence on Harris for having done so. Harris had ample opportunity to plead guilty, but Harris chose to risk a trial instead. The jury found Harris guilty and recommended specific sentences on each guilty verdict. The trial judge merely entered the sentences according to the jury's recommendation. Although the judge ordered the sentences to run consecutively rather than concurrently, this does not show presumed or actual vindictiveness by the trial judge. *See Alabama v. Smith*, 490 U.S. 794, 799–800, 109 S.Ct. 2201, 2204–05, 104 L.Ed.2d 865 (1989). The brutal nature of Harris's crimes, including the rape and torture of an elderly woman, supports the trial court's decision to run the sentences consecutively. *Id.* at 801–02, 109 S.Ct. at 2205–06; *Carter*, 804 F.2d at 514–15; *Parton v. Wyrick*, 614 F.2d 154, 159 (8th Cir.), *cert. denied*, 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980).

Harris next contends the trial judge effectively prevented him from entering a guilty plea in retaliation for invoking his right to a trial. Harris concedes he has no constitutional right to insist the trial judge accept his guilty plea or the plea agreement he had reached with the State. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Instead, Harris contends he wanted to plead guilty and accept the twenty-five year sentence the judge offered, but the judge unjustifiably raised the sentence to thirty years before Harris had an opportunity to accept. The record belies Harris's contention. Harris did not respond when the judge asked him whether he would accept a twenty-five year sentence. On the morning of his trial, when the judge again asked Harris whether he wished to plead guilty, Harris made it clear he did not want to plead guilty and he never indicated he wished to accept the twenty-five year sentence. We thus reject Harris's claim that he is entitled to have his sentence reduced to twenty-five years.

Finally, Harris contends he received ineffective assistance of counsel because his trial attorney "failed to object and take appropriate action [when] the trial judge[ ] participat[ed] in the plea bargaining process." Appellant's Brief at 33. Again, this contention is without merit. The trial judge could properly reject the plea agreement Harris had with the State and the judge did not abuse his discretion in doing so. *Santobello*, 404 U.S. at 262, 92 S.Ct. at 498. Harris's attorney requested the judge to recuse himself and sought a mistrial for fear the judge held a bias against Harris. In addition, the attorney took care to preserve a record for appeal. Given these circumstances, we conclude Harris's attorney rendered reasonable assistance of counsel. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65.

We have considered Harris's remaining contentions and conclude they do not merit discussion. Accordingly, we affirm the district court's denial of Harris's application for a writ of habeas corpus.