STATE of Missouri, Respondent,

v.

Tim R. SMART, Appellant.

Nos. WD 49490, WD 50588.

Missouri Court of Appeals,
Western District.

Sept. 26, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

A jury convicted Tim R. Smart of raping and sodomizing an eight-year-old Saline County girl in 1989. In this appeal, Smart accuses the circuit court of five points of error. In his first two points, he complains that the circuit court erroneously refused to let him present evidence concerning the victim's sexual activity with others and the "tempestuous relations" in the victim's family. In his third and fourth points, he accuses the circuit court of plain error in overruling his objection to evidence of the victim's statements to a doctor and in not declaring, *sua sponte*, a mistrial because of the state's closing argument. In his fifth point, he argues that the circuit court erred in overruling, without convening an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. We find no merit in his contentions and

affirm the judgment of convictions and the denial of his Rule 29.15 motion.

■ During the trial, the circuit court refused to let Smart present evidence that the victim had sexual relations with several men between the time of the alleged offense and a medical examination of her. Smart argues that it should have been admissible, pursuant to § 491.015, RSMo 1994, which says:

1. In prosecutions under chapter 566, RSMo, . . . evidence of specific instances of the complaining witness' prior sexual conduct . . . is inadmissible, except where such specific instances are:

. . . .

(2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease;

. . . .

2. Evidence of the sexual conduct of the complaining witness offered under this section is admissible to the extent that the court finds the evidence relevant to a material fact or issue.

3. If the defendant proposes to offer evidence of the sexual conduct of the complaining witness under this section, he shall file with the court a written motion accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury. The court shall hold an in camera hearing to determine the sufficiency of the offer of proof and may at that hearing hear evidence if the court deems it necessary to determine the sufficiency of the offer of proof. If the court finds any of the evidence offered admissible under this section the court shall make an order stating the scope of the evidence which may be introduced. Objections to any decision of the court under this section may be made by either the prosecution or the defendant in the manner provided by law. The in camera hearing shall be recorded and the court shall set forth its reasons for its ruling. The record of the in camera hearing shall be sealed for delivery to the parties and to the appellate court in the event of an appeal or other post trial proceeding.

We are not able to review the matter because Smart did not provide a record which permits review. The statute required Smart to make his request through "a written motion accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury." The circuit court's duty was to determine whether the evidence submitted in the offer of proof was sufficient to satisfy § 491.015.1 and .2. Our review of the issue concerns whether the circuit court made a proper ruling concerning the sufficiency of Smart's offer of proof. Indeed, § 491.015.3 specifically provides that the *in camera* hearing be recorded and preserved for the appellate court's review. Except for the circuit court's docket sheet and references to the hearing in the trial transcript, the record does not include any record of the *in camera* hearing.

■ The only offer of proof preserved in this record was the one made by Smart in his written motion:

[T]he defendant would elicit testimony from several witnesses that the alleged victim in this cause, [L.L.], had numerous boyfriends, and had been caught engaging in sexual contact with others, thus demonstrating an alternative source for the proffered medical testimony. Said boyfriends, or alternative sources, would include, but not be limited to, [S.S.], [B.L.], [B.W.], "two grown men in a truck by the lake," [M.R.] and her brother.

This certainly was not a sufficient offer of proof. An offer of proof "should be specific and in sufficient detail to demonstrate its admissibility; mere conclusions of counsel will not suffice." *State v. Townsend,* 737 S.W.2d 191, 192 (Mo. banc 1987).

■ The record suggests that Smart presented additional evidence to support his motion: "testimony of the defendant, [J.L.], and [J.R.]" We cannot find that testimony in this record. We cannot review matters not preserved in the record. " 'A transcript on appeal must contain all of the records and proceedings necessary to a determination of the questions presented for decision, and where any such items are absent there is nothing for the appellate court to decide.' " *State v. Holland,* 653 S.W.2d 670, 678 (Mo.

banc 1983) (quoting *State v. Hamilton*, 612 S.W.2d 141, 143–44 (Mo.App.1980)). The burden was on Smart to submit an adequate record. Rule 81.12(c).

Judging this issue strictly on the offer of proof preserved in the record, we concur with the circuit court's conclusion that Smart's "offer of proof doesn't contain sufficient probative value, proof of any prior sexual contact that would [relieve] ... the requirements of the rape shield statutes[.]"[1] Not being able to review the remainder of Smart's offer of proof, we reject the point.

■ In his next point, Smart complains that the circuit court erroneously refused to let him present evidence concerning "the tempestuous relations in [the victim's] family[.]" The evidence to which Smart referred was:

- Asking the victim about a picture she drew for a nurse;
- Asking the victim's neighbor about weapons the victim's mother kept beside her bed;
- A portion of the victim's school records noting that the victim's teacher was concerned that the victim's mother suspected that the victim had been "sexually abused by her father," and reporting that she had been seen by George Blosser, Community Counseling Service.

"This evidence was essential," Smart argues, "to providing the jury with a multidimensional image from which to assess [the victim's] veracity. [The] jury was left ignorant of [the] ... eccentricities [of the victim's mother] and ignorant of much of the crisis within [the victim's] family."

Smart preserved only the issue of whether the victim's drawing should be admitted. His motion for new trial addressed only the drawing. It did not address the other two items, and he did not raise the issue of establishing a "tempestuous family." This failure to include the issues in his motion for new trial means that we can review them only as plain error pursuant to Rule 30.20.

We turn first to the drawing. Smart wanted to ask the victim about it during cross-examination. The drawing depicted a girl with no hands and no lower body. It included a caption: "Don't hit her Daddy. Broken Heart." The trial court told Smart that he could question the nurse for whom the victim drew the picture about it. He did not. Given this failure, we conclude that Smart was not prejudiced by the matter. He did not avail himself of the circuit court's offered opportunity to pursue the issue with a witness the circuit court deemed to be more fitting than the victim. *See State v. Brasher*, 867 S.W.2d 565, 568–69 (Mo.App.1993).

■ As to the other evidence, we do not believe that the circuit court's refusing it was plain error. "[U]nless a claim of plain error *facially* establishes *substantial* grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State of Missouri v. Vernon Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995) (quoting Rule 30.20) (emphasis added). We do not find such a claim in this case. Assuming that Smart's evidence demonstrated a tempestuous home—a large assumption to make—this was, at best, a peripheral issue of *de minimis* probative value. We decline the request to consider it as plain error.

■ In his third point, Smart asks us to review as plain error pursuant to Rule 30.20 this testimony by a physician:

Q. Did you take a history from [the victim] concerning your understanding why she was there?

A. Yes, I did.

Q. And what is it that she told you?

A. [The victim] explained to me that since she was about eight years old that she had be[en] sexually assaulted on numerous occasions by Tim Smart. She claimed that Tim Smart is her mother's ex-boyfriend. She stated that the sexual assault would usually start with fondling or putting his hand or finger over her external genitalia.

Smart objected, but he did not preserve the issue in his motion for new trial. In assert-

---

1. This is the common name for § 491.015.

ing that the matter was plain error, Smart recognizes that testimony concerning what a patient tells her physician in reporting her medical history is "a deeply-rooted hearsay exception," but he seeks to narrow the exception to cover only those statements necessary for the physician to treat the patient. In *State v. Naucke*, 829 S.W.2d 445 (Mo. banc), cert. denied, — U.S. —, 113 S.Ct. 427, 121 L.Ed.2d 348 (1992), the Supreme Court of Missouri said:

> The trial court apparently ruled that any statements that [the alleged victim] made to [the physician] in connection with [the physician's] evaluation and treatment of [the alleged victim] would be admissible under Missouri's exception to the hearsay rule for statements made to a treating physician. *Breeding v. Dodson Trailer Repair*, 679 S.W.2d 281 (Mo. banc 1984); Mo.Evidence Restated, § 803(4) (1984). This ruling was correct; if [the alleged victim] had made statements in [the physician's] presence at the time he evaluated and treated her, these statements would be admissible under this exception to the hearsay rule, which is a deeply-rooted, traditional hearsay exception[.]

*Id.* at 458. Given this holding, the circuit court did not commit plain error in permitting the physician's testimony against Smart to stand.

As to "the exception to the exception" for which Smart contends, he relies on *State v. Russell*, 872 S.W.2d 866 (Mo.App.1994). That case is readily distinguishable on its facts: The alleged victim's statement in *Russell* was responding to a social worker's question—not one by the treating physician— posed in the physician's office during the medical examination. This case does not cause us to conclude that Smart presents a claim which facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.

█ Smart also complains that the circuit court plainly erred by not holding a hearing pursuant to § 491.075, RSMo 1994, to determine whether the victim's statements to the doctor had sufficient indicia of reliability. Even had the testimony not fit within the deeply-rooted hearsay exception, not holding a hearing pursuant to § 491.075 was not plain error. *State v. Harper*, 778 S.W.2d 836, 839 (Mo.App.1989); *State v. Fogle*, 743 S.W.2d 468, 470 (Mo.App.1987). Smart's contention is without merit.

█ Smart's fourth claim is that the circuit court erred by not declaring, *sua sponte*, a mistrial because of the prosecutor's closing argument. Smart did not object. Again, if we are to review the issue, we must do so as plain error. The Supreme Court of Missouri has instructed, "A court should rarely grant relief on assertions of plain error as to closing argument.... This is because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. banc), cert. denied, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). "Errors committed during closing argument do not justify relief under the plain error standard unless they are determined to have had a decisive effect on the jury." *State v. Clifford*, 815 S.W.2d 3, 8 (Mo.App.1991). We have read those portions of the closing argument of which Smart complains and do not discern plain error.

█ In his final point, Smart complained that the circuit court did not ascertain whether his attorney's decision not to amend his *pro se* motion constituted abandonment. We find no merit in the claim. The court is obligated to ascertain whether an attorney's decision not to file an amended motion constitutes abandonment only when the record does not establish that the attorney complied with Rule 29.15(e). *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). The rule says:

> When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant,

counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Smart's attorney filed an affidavit which said:

[A]fter being afforded an opportunity to review the Court's files, the trial defender's file, and the trial and sentencing transcripts in the underlying criminal case ..., and this postconviction file, and after having inquired of movant regarding any additional claims and facts known to him, and after explanation to movant of the rights and options available to him under these proceedings, and the risks thereof, [I do] hereby advise the Court that [I am] not aware of any additional meritorious or colorable claims or facts which may be added in an amended Rule 29.15 postconviction motion on movant's behalf in this matter regarding this underlying criminal case and sentences, and that movant's *pro se* motion includes all colorable postconviction claims known to movant or counsel at this time regarding those convictions and sentences.

The circuit court properly relied on this affidavit. It was not obligated to conduct an inquiry as to whether the attorney had abandoned Smart. Smart's claim is without merit.

All concur.