No. 96-2668

Terry Gee,                          *
                                    *
                      Appellant,    *  Appeal from the United States
                                    *  District Court for the Eastern
v.                                  *  District of Missouri.
                                    *
Michael Groose, et al.,             *
                                    *
                      Appellees.    *


                    Submitted: January 17, 1997

                    Filed:   April 11, 1997


Before MURPHY, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and
KYLE,[1] District Judge.


KYLE, District Judge.

     Terry Gee ("Gee") appeals the District Court's[2] denial of his
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
We affirm.


Background

     [1]The Honorable Richard H. Kyle, United States District Judge
for the District of Minnesota, sitting by designation.

     [2]The Honorable Edward L. Filippine, United States District
Judge for the Eastern District of Missouri.

On April 18, 1990, Gee was convicted by a jury in Missouri Circuit Court of three counts of first degree robbery and three counts of armed criminal action. The trial court denied Gee's motion for a new trial, finding that there was no probable cause to believe that his trial counsel had been ineffective. Gee then filed a timely notice of appeal; in addition, he filed an motion for postconviction relief under Missouri Supreme Court Rule 29.15, which was denied because of its untimely filing.

His consolidated appeal challenged his conviction, sentence, and the denial of his Rule 29.15 motion. The Missouri Court of Appeals affirmed the conviction and the denial of his Rule 29.15 motion, but remanded for a correction of sentence.

Gee then filed state habeas corpus petitions in the Circuit Court of Cole County, the Missouri Court of Appeals, and the Missouri Supreme Court. Each was denied. He subsequently filed a federal habeas petition which was dismissed except as to the <u>Batson</u> issue,[3] which was referred to a magistrate judge for a Report and Recommendation ("R & R").

The Magistrate Judge[4] held an evidentiary hearing on the <u>Batson</u> claim and issued his R & R recommending that the claim be denied. The District Court adopted the R & R, and dismissed the case with prejudice. This appeal followed.

<u>Discussion</u>

---

[3]<u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

[4]The Honorable Thomas C. Mummert, United States Magistrate Judge.

In support of his appeal, Gee alleges the following: 1) he was denied his Sixth Amendment right to confrontation and cross-examination, as well as his due process right to a fair trial when the trial court received a detective's hearsay testimony connecting him to the crimes being tried; 2) he was denied his right to equal protection when the trial court over-ruled his Batson challenges; 3) he was denied his right to equal protection and due process when the trial court dismissed his Rule 29.15 motion as untimely; and 4) he was denied his right to effective assistance of counsel.

<u>The Applicable Law of Habeas</u>

Before turning to Gee's arguments, we must first address the issue of the substantive law applicable to our review. On April 24, 1996, 28 U.S.C. § 2254 ("the Act") was amended by the Antiterrorism and Effective Death Penalty Act of 1996. Pub. L. No. 104-132, 110 Stat. 1214.[5] Gee's appeal was pending at the time of

---

[5] 28 U.S.C. § 2254(d), as modified April 24, 1996, now provides as follows:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.

. . .

28 U.S.C. § 2254 (d)(1) & (2).

-3-

the modification. The parties disagree as to which  version of the Act applies.  The Government seeks application of the amended version of the Act, while Gee maintains the amendment should not be applied.

Our Circuit has not yet decided the issue of the applicability of the new Act to cases pending on appeal at the time of its enactment.  See, e.g., Preston v. Delo, 100 F.3d 596, 599 n.4 (8th Cir. 1996) ("We have not yet taken a position on whether the amendments to section 2254 apply to cases that were pending on April 24, 1996."), cert. denied, No. 96-7182, 1996 WL 745248 (Feb. 18, 1997); Oliver v. Wood, 96 F.3d 1106, 1108 n.2 (8th Cir. 1996) ("We have not yet determined to what extent the new Act applies to noncapital cases pending on appeal."). Instead, we have been faced with cases in which the claims presented were "either procedurally barred or fail[ed] under the more lenient provisions of the old law." Preston, 100 F.3d at 599 n.4; see also Bannister v. Delo, 100 F.3d 610, 612 (8th Cir. 1996) ("Because we hold that Bannister is not entitled to relief under the prior more lenient habeas law, we do not address the state's contention that the [new] Act is applicable to this appeal and precludes relief.")

The case at bar is no different. We find that here, too, Gee's claims fail under even the less restrictive provisions of the  Act prior to its 1996 amendments.  Therefore, we need not reach the issue of the amended Act's applicability to cases pending on appeal. We will assess Gee's arguments under the old Act.

Hearsay Statements

-4-

Gee's first argument concerns the admissibility of Detective Lewis Clayton's ("Clayton") testimony.  Clayton testified that he received a dispatch informing him of the robberies and stating that a brown Cadillac with Nebraska license plates had been used. He canvassed the area where the robberies had occurred, noticed a brown Cadillac, and knocked on the doors of homes near the Cadillac.  He spoke with an  unidentified woman who told him that someone had parked the Cadillac around 1:00 am and then had walked toward a neighboring building. She also stated that a man named Ralph Jordan ("Jordan") lived in that building.  Clayton returned to the building the next day and questioned Jordan.

In court, Clayton identified a photo of the Cadillac as "the car that I observed parked ... that was found to have been stolen and used in the three robberies."  He also testified that Jordan told him that Gee, a friend of his, had committed the robberies. The court ordered this testimony  stricken and instructed the jury to disregard it.  Jordan also told Clayton that Gee had been driving the brown Cadillac. Jordan was not called as a witness.

Gee asserts that the testimony regarding Jordan's statements was inadmissible hearsay, the admission of which a) violated his Sixth Amendment right to confrontation and cross-examination, and b) his fundamental right to a fair trial.  At the outset, we note that the jury was instructed to disregard Clayton's testimony that Jordan told him that Gee was one of the robbers.  We presume that the jury followed this instruction. <u>See, e.g.</u>, <u>United States v. Farmer</u>, 73 F.3d 836, 844 (8th Cir.) (noting presumption that jury follows admonitions), <u>cert. denied</u>, 116 S. Ct. 2570 (1996); <u>United States v. Thornberg</u>, 844 F.2d 573, 579 (8th Cir. 1988) ("We presume that the jury obeyed these limiting instructions...").

The only remaining testimony relevant for our purposes is the statement that Jordan told Clayton that Gee was driving the brown Cadillac involved in the robberies.[6] "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McQuire, 502 U.S. 62, 67-68 (1991); see also Oliver v. Wood, 96 F.3d 1106, 1108 (8th Cir. 1996) ("We will not re-examine whether evidence was properly admitted under state law...Rather, we will only consider whether Gee's conviction was obtained in violation of the United States Constitution.")(citations omitted). Thus, our inquiry here is not whether the statement was properly admitted under the Missouri Rules of Evidence, but whether its admission violated Gee's constitutional rights.

Sixth Amendment Violation

Gee first argues that the admission of this testimony violated his Sixth Amendment rights to confrontation and cross-examination. Our review of the record satisfies us that, in light of the quantum of evidence linking Gee to the Cadillac, and otherwise supporting his guilt, the admission of this statement, even if hearsay, was harmless error.

In Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438, (1986), the United States Supreme Court noted that "the constitutionally improper denial of a defendant's opportunity to

---

[6]While Gee did so in his petition to the District Court, he no longer challenges the admission of the unidentified woman's statement to Clayton explaining that the brown Cadillac was parked at a particular location, and that the occupant walked toward Jordan's building.

-6-

impeach a witness for bias, <u>like other Confrontation Clause errors</u>, is subject to . . . harmless-error analysis." (emphasis added). "The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." <u>Id.</u> To make this determination, courts should assess factors such as, "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting" the witness' testimony, and "the overall strength of the prosecution's case." <u>Id.</u>

Gee was convicted based on the identification of three eyewitnesses to the robberies. More than one testified to seeing a brown Cadillac used in the robberies. Additionally, identification by Gee's friend and former employer, Joe Davis, who had known Gee since he was eight years old, placed Gee in the very brown Cadillac used in the robberies on the day of the robberies. Thus, we find that Clayton's testimony regarding Jordan's statements linking Gee to the Cadillac was merely cumulative. It did not constitute the only evidence on an essential element of the prosecution's case, nor did it constitute the only evidence linking Gee to the Cadillac. In light of the overall strength of the prosecution's case, the admission of this testimony was harmless error beyond a reasonable doubt.

### Fundamental Right to a Fair Trial

Gee also argues that the admission of these statements violated his right to a fair trial. This argument is also without merit. We grant habeas relief on a state court evidentiary ruling only "if the alleged error was so conspicuously bad that it fatally infected the trial and rendered it fundamentally unfair." <u>Troupe</u>

v. Groose, 72 F.3d 75, 76 (8th Cir. 1995). "To carry that burden, the petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial -- i.e., that absent the alleged impropriety the verdict probably would have been different." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995). In assessing whether this burden has been met, the following are of "particular importance": "the frequency and pervasiveness of the alleged misconduct in the context of the entire trial"; "the weight of the evidence supporting guilt"; and "whether the trial judge gave a cautionary instruction to the jury." Id.

Gee has failed to demonstrate that the verdict would have been different but for the admission of Clayton's statement. The conduct complained of is the admission of a single, arguably cumulative, statement connecting Gee to the vehicle used in the robberies. While the trial court did not give a cautionary instruction on this particular statement, the weight of the other evidence strongly linked Gee to the vehicle and supported a finding of his guilt. Based on our review of the record, we cannot say that the admission of Clayton's statement rose to the level of a constitutional violation.

### *Batson* Challenge

Gee asserts that the Government improperly removed African-American jurors from the venire panel based on their race, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). The Magistrate Judge conducted an evidentiary hearing on this issue, and the District Court adopted his report and recommendation, determining that the Government had not violated Batson.

The equal protection clause prohibits a prosecutor from using preemptory challenges to exclude otherwise qualified persons from the jury panel solely because of their race. See Devose v. Norris, 53 F.3d 201, 204 (8th Cir. 1995) (citing Batson, 476 U.S. at 96.)  Under Batson, after a defendant makes a prima facie case of racial discrimination in the government's use of preemptory challenges, the burden shifts to the government to offer a race-neutral reason for the strikes.  See Troupe, 72 F.3d at 76 (citing Purkett v. Elem, 115 S. Ct. 1769, 1770 (1995)).  If the government gives a race-neutral reason, the reviewing court must decide whether the defendant has proven purposeful discrimination by evaluating the persuasiveness of the proffered reason. See id. (citations omitted).

Prosecutors need only support their actions with reasons that are not inherently discriminatory, regardless of whether the reasons makes sense. Elem v. Purkett, 64 F.3d 1195, 1198 (8th Cir. 1995).  The prosecutor's explanation "may be 'implausible or fantastic,' even 'silly or superstitious,' and yet still be 'legitimate,'" but "cannot be a mere denial of racial motive or mere affirmation of good faith." Id.

Whether a race-neutral explanation is a pretext for discrimination is a question of fact. Gibson v. Bowersox, 78 F.3d 372, 374 (8th Cir.) (citing Jones v. Jones, 938 F.2d 838, 841 (8th Cir. 1991)), cert. denied, 117 S. Ct. 158 (1996). While in habeas proceedings in federal courts, factual findings of the state court are presumed to be correct if they are "fairly supported by the record", id., we review the District Court's findings of fact under the clearly erroneous standard.  Sawheny v. Pioneer Hi-Bred Int'l, Inc., 93 F.3d 1401, 1407 (8th Cir. 1996).  Since the District Court conducted the evidentiary hearing in this case, we review its factual findings under the clearly erroneous standard. See Reeves

v. Hopkins, 102 F.3d 977, 979 (8th Cir. 1996) ("In this section 2254 habeas corpus action, we review the district court's factual findings for clear error and its legal conclusions de novo.")

Gee complains that three stricken African-American panel members (Adams, Barnes, and Butler) shared a common trait with a white member (Kueker) who was not stricken -- each had a relative in jail. At the evidentiary hearing, the prosecutor stated that Kueker had qualities not shared with the other stricken jurors: Kueker knew a law enforcement officer that the prosecutor knew; she held her incarcerated brother responsible for his confinement; and both she and her mother had been victims of a crime similar to that for which Gee was on trial. These reasons made her a more desirable juror for the prosecution. Moreover, Butler and Barnes had laughed in response to voir dire questions, and the prosecutor did not consider Adams to be a "pro-state" juror. The defense peremptorily struck Kueker.

While the Government argues here that Gee has failed to demonstrate even a prima facie case of discrimination, we need not reach that issue as we find that the Government successfully articulated non-discriminatory reasons for its conduct. There is nothing in the record to convince us that the District Court's factual findings on this issue were clearly erroneous. We concur with the District Court's finding that the race neutral reasons proffered by the prosecution were non-pretextual.

### Dismissal of Rule 29.15 Motion as Untimely

Gee argues that he was denied his right to equal protection and due process when the trial court dismissed his Rule 29.15

motion as untimely.[7]  He alleges that he deposited his papers with the proper prison authorities in a timely fashion. The papers, however, did not reach the court in time.  When he learned that the court had not received them, he submitted an affidavit explaining that he had timely deposited his motion papers with prison officials.  Nevertheless, the state court dismissed his motion as untimely. Gee alleges that such a rigid application of the rule operates to "suspend the writ of habeas."

Gee's argument on this point is without merit.  As the District Court correctly pointed out, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir.)(quoting Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990)), cert. denied, 115 S. Ct. 462 (1994).

Ineffective Assistance of Counsel

Last, Gee argues that he was denied his right to effective assistance of appellate counsel because his attorney failed to argue that the trial court erred in allowing the prosecutor to "elicit" the statement from detective Clayton that the brown Cadillac was "stolen."  The trial court offered to instruct the jury to disregard this statement, but defense counsel never accepted the offer.  Gee did not raise this argument in either of his motions for a new trial.

In order to obtain relief for a claim of ineffective assistance of counsel, Gee must demonstrate both that his

_____

[7]Missouri Rule 29.15 (b) states that a motion to vacate, set aside, or correct judgment or sentence is due within thirty days from the filing of the transcript of the trial for purposes of the appeal.

attorney's representation fell below an objective standard of reasonableness and that he was prejudiced by this deficient performance. See Parker v. Bowersox, 94 F.3d 458, 461 (8th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 194 S. Ct. 2052, 2064-65 (1984)), petition for cert. filed, No. 96-7729 (Jan. 13, 1997); see also Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992) (applying Strickland test to complaint of ineffective appellate counsel). Appellate counsel's conduct is to be evaluated in light of the circumstances of the case. Pollard v. Delo, 28 F.3d 887, 889-90 (8th Cir.), cert. denied, 115 S. Ct. 518 (1994). Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success. See Parker, 94 F.3d at 462.

Because Gee did not raise the issue of the admissibility of Clayton's statement in either of his motions for a new trial, the appellate court's review of the statement would have been limited to plain error. See State v. Smart, 907 S.W.2d 275, 277 (Mo. Ct. App. 1995) ("This failure to include the issues in his motion for new trial means that we can review them only as plain error . . .") Moreover, not having sought a curative instruction, see State v. Miller, 870 S.W.2d 242, 245 (Mo. Ct. App. 1994), it is unlikely that appellate counsel would have prevailed on this issue.

In light of these circumstances, Gee has not demonstrated either that his appellate counsel's conduct was objectively unreasonable, or that it affected the outcome of his appeal.[8] See Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996) (noting that appellate counsel's conduct was not unreasonable when counsel

---

[8]This conclusion is bolstered by our determination that the admission of Clayton's statement itself was not a constitutional violation.

failed to raise issue that would have been reviewed at the court's discretion and for plain error.) As he is required to demonstrate both to prevail on this argument, he cannot succeed here.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.