# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1578

_____

| | |
|---|---|
| Tyrone Devoil-El, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Michael Groose, Superintendent, | * |
| | * |
| Appellee. | * |

_____

Submitted: September 25, 1998

Filed: November 13, 1998

_____

Before WOLLMAN, LOKEN, and KELLY,[1] Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Tyrone Devoil-El appeals from the district court's[2] judgment dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus. We affirm.

---

[1]The Honorable John D. Kelly died on October 21, 1998. The opinion is consistent with his vote at the panel's conference following oral argument on September 25, 1998.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

# I.

Devoil-El was found guilty of stealing from a person and was sentenced to sixteen years' imprisonment. His motion for post-conviction relief was denied by the trial court. In a summary opinion, the Missouri Court of Appeals affirmed both the conviction and the denial of post-conviction relief. See State v. Devoil, 865 S.W.2d 896 (Mo. Ct. App. 1993).

The sole issue on appeal is whether the State improperly exercised peremptory strikes to exclude six African-American potential jurors from the venire in violation of the Equal Protection Clause of the Fourteenth Amendment. See Batson v. Kentucky, 476 U.S. 79 (1986).

The State used all six of its peremptory strikes to remove African-American venirepersons. Devoil-El objected to the strikes as discriminatory. In response to the objection, the prosecutor contended that each juror was removed because of one or more of the following factors: body language, having been a crime victim, stating dissatisfaction with the manner in which the police had handled a previous matter, having been charged with a crime, having a relative in jail, or being unemployed. The trial court found that none of the strikes had been exercised in a racially discriminatory manner.

Devoil-El contends that these explanations for exercising the peremptory strikes are pretextual. Specifically, he claims that the strike based upon body language must be found discriminatory because it was subjective and was used to remove only an African-American juror. In addition, he argues that the other reasons violate Batson because they result in a disparate impact upon African-Americans.

## II.

We conduct a three-part analysis under <u>Batson</u> to determine the validity of peremptory strikes. <u>See</u> <u>United States v. Jenkins</u>, 52 F.3d 743, 746 (8th Cir. 1995). First, the defendant must make a prima facie showing that the State exercised a peremptory strike because of race. Second, if such a showing is made, the burden shifts to the State to articulate a race-neutral explanation for striking the prospective juror. Third, the trial court must decide whether the defendant has proven purposeful discrimination. <u>See</u> <u>id.</u>

Although the trial court failed to rule on whether a prima facie showing had been made, this lapse is inconsequential, because once the State has offered a race-neutral explanation for exercising the strikes, "the preliminary issue of whether the defendant had made a prima facie showing becomes moot." <u>Hernandez v. New York</u>, 500 U.S. 352, 359 (1991); <u>see also</u> <u>United States v. Bishop</u>, 959 F.2d 820, 824 (8th Cir. 1992) (quoting <u>Hernandez</u>).

Step two of <u>Batson</u> requires the State to articulate a race-neutral reason for the strike. <u>See</u> <u>Gee v. Groose</u>, 110 F.3d 1346, 1351 (8th Cir. 1997). At this step, the court need not decide whether the explanation for the strike is "persuasive, or even plausible." <u>Purkett v. Elem</u>, 514 U.S. 765, 768 (1995) (per curiam); <u>see also</u> <u>Gee</u>, 110 F.3d at 1351. The State's reason may not be a mere denial of racial motive, however. <u>See</u> <u>Gee</u>, 110 F.3d at 1351. Here, the State met its burden by articulating a race-neutral reason for striking each juror.

"Once the prosecutor offers a race-neutral basis for his exercise of peremptory challenges, '[t]he trial court then [has] the duty to determine if the defendant has established purposeful discrimination.'" <u>Hernandez</u>, 500 U.S. at 363 (quoting <u>Batson</u>, 476 U.S. at 98). The trial court's findings regarding pretext are on questions of fact, which we will set aside only if clearly erroneous. <u>See</u> <u>Hernandez</u>, 500 U.S. 364-66.

-3-

The State struck one of the venirepersons because of his body posture. The prosecutor stated that this venireperson had covered his face with his hands, slouched in his seat, rolled his eyes, and looked uninterested. We have upheld a finding that scowling, body language, and facial expressions were race-neutral, see Jenkins, 52 F.3d at 745-46, and likewise we do so here.

Devoil-El contends that the strikes exercised on the basis of the venireperson's unemployment, having a relative in jail, dissatisfaction with the police, having been charged with a crime, and having been a crime victim all result in the removal of African-Americans more often than Caucasians and thus are pretextual. We have found similar reasons to be sufficiently race-neutral to withstand a Batson challenge. See Malone v. Vasquez, 138 F.3d 711, 720 n.13 (8th Cir.), cert. denied, No. 98-6018, 1998 WL 651087 (U.S. Oct. 19, 1998) (allowing strike of potential juror who had been the victim of an armed robbery, where no Caucasian venirepersons had been victims of violent crimes); United States v. Gibson, 105 F.3d 1229, 1231-32 (8th Cir. 1997) (upholding strike of potential juror who was the victim of a rape and who reported that she had received unfair treatment from law enforcement as race neutral, in the absence of a showing of pretext); Bowersox, 78 F.3d at 373-74 (permitting removal of potential juror who had relatives that had previously been tried or convicted of a criminal offense); United States v. Carr, 67 F.3d 171, 175-76 (8th Cir. 1995), cert. denied, 516 U.S. 1182 (1996) (stating that unemployment is race-neutral reason for strike when defendant makes no attempt to show that unemployment was pretextual reason); United States v. Jackson, 914 F.2d 1050, 1052-53 (8th. Cir. 1990) (upholding explanation for strike that venireperson's nephew was incarcerated). Although Devoil-El argued that these reasons were pretextual because Caucasian jurors sharing the same characteristics were not removed, the trial court found that because the combination of characteristics was different in the non-stricken venirepersons, the state's proffered reasons were nondiscriminatory.

Nevertheless, Devoil-El claims that because peremptory challenges based upon these reasons result in disparate impact on African-Americans, they violate <u>Batson</u>. As we have noted, however, disparate impact alone, without the showing of intent to discriminate, will not "trigger the strictest level of scrutiny." <u>United States v. Greene</u>, 995 F.2d 793, 796 (8th Cir. 1993). "An argument relating to the impact of a classification does not alone show its purpose." <u>Hernandez</u>, 500 U.S. at 362. Therefore, even if the reasons given by the prosecutor result in the use of strikes against African-Americans more often than against Caucasian venirepersons, the strikes will not violate <u>Batson</u> without some showing that the prosecutor removed the potential jurors "because of" their race. <u>See</u> <u>Hernandez</u>, 500 U.S. at 359-60.

Devoil-El argues that discriminatory intent to remove African-American jurors may be shown by looking to the totality of the circumstances. He contends that the trial court erred by evaluating each strike individually, instead of looking to the pattern of strikes exercised by the prosecutor. A trial court may indeed look to the disproportionate removal of minority jurors to show discriminatory intent. <u>See</u> <u>Hernandez</u>, 500 U.S. at 363-64; <u>United States v. Brooks</u>, 2 F.3d 838, 841 (8th Cir. 1993). A trial court's findings of discriminatory intent will turn largely on its assessment of the credibility of the proffered reasons for removing a venireperson. <u>See</u> <u>Hernandez</u>, 500 U.S. at 365; <u>United States v. Scott</u>, 26 F.3d 1458, 1467 (8th Cir. 1994). With the exception of the venireperson removed because of his body language, all of the other African-American venirepersons were removed for a combination of reasons, such as being unemployed and having a relative in jail, which distinguished them from the non-challenged Caucasian venirepersons. Accordingly, we conclude that the trial court's finding that the state's peremptory strikes were not racially motivated cannot be said to be clearly erroneous.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.