# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1407

_____

United States of America,          *

                               *

          Appellee,        *     Appeal from the United States

                               *     District Court for the Southern

   v.                    *     District of Iowa.

                               *

Floyd Allen Baker,          *       [UNPUBLISHED]

                               *

          Appellant.      *

_____

Submitted:  November 19, 1999

Filed:  November 23, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Floyd Allen Baker appeals his conviction for being a felon in possession of a firearm.  See 18 U.S.C. § 922(g)(1).  We affirm.

Baker first claims the Government's strike of the only black venireperson violated Batson v. Kentucky, 476 U.S. 79 (1986).  We disagree.  The Government offered five race-neutral reasons for its strike:  (1) the venireperson served as the key witness in the drug prosecution of her husband, (2) her nephew repeatedly avoided conviction on drug charges, (3) her coworker ran a methamphetamine lab, (4) she

opposed the death penalty, and (5) she served as a juror in a state criminal case in which the defendant was acquitted. Baker contends these reasons were merely a pretext for discrimination. As evidence of pretext, Baker points out that the venireperson's service as a key witness in the drug prosecution of her own husband made her sympathetic to the Government and that her views on the death penalty were irrelevant, but we have held that "[p]rosecutors need only support their actions with reasons that are not inherently discriminatory, regardless of whether the reasons make sense." See Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997). Baker also points out the Government did not remove other white panel members who were similarly situated to the removed black venireperson because of connections to people with drug habits or because of their service as jurors in cases in which defendants were acquitted. The other venirepersons were not similarly situated, however, because the black venireperson was removed for a combination of reasons not attributable to any of the nonchallenged venirepersons. See Devoil-El v. Groose, 160 F.3d 1184, 1187 (8th Cir. 1998), cert. denied, 119 S. Ct. 1077 (1999). On this record we cannot say the district court's decision to uphold the Government's strike was clearly erroneous. Id.

We also reject Baker's challenge to the sufficiency of the indictment. Because the indictment refers to Baker as a defendant and recites all the elements of the offense, the indictment can reasonably be read to charge Baker as a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1); United States v. O'Hagan, 139 F.3d 641, 651 (8th Cir. 1998) (indictment is sufficient unless no reasonable construction can be said to charge offense). Likewise, we reject Baker's challenge to the sufficiency of the evidence because his attack is based on the credibility of the witnesses, which is an issue reserved for the jury. See United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999). Baker's claim that the testimony of two Government witnesses who entered plea agreements in exchange for leniency should have been suppressed is foreclosed by our decision in United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir.), cert. denied, 1999 WL 423385 (U.S. Oct. 4, 1999) (No. 98-9870) (18 U.S.C. § 201(c)(2) does not prevent prosecutors from offering leniency in exchange for truthful testimony).

Finally, Baker challenges his sentence claiming he should not have received a four level enhancement for possession of the gun "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1998). Again, we disagree. Although Baker contends the Government did not prove he knew of or intended to use the gun for a specific robbery, the Guideline "does not require knowledge of the specific felony to be committed." United States v. Dodge, 61 F.3d 142, 146 (2nd Cir. 1995); accord United States v. Nunez, 146 F.3d 36, 40 (1st Cir. 1998). Trial testimony showed that others saw Baker with the gun, and that Baker told one person the gun would be used for a robbery. This testimony permits a finding that Baker knew the gun would be used in connection with one or more robberies and supports the four level enhancement.

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-