# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3405

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas |
| | * | |
| Philip E. Roberts, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 10, 2001

Filed:  May 16, 2001

_____

Before HANSEN and BYE, Circuit Judges, and MELLOY,[1] District Judge.

_____

PER CURIAM.

A jury convicted Philip Roberts of willfully failing to file income tax returns for the years 1993 and 1994.  The district court[2] sentenced Roberts to 16 months in prison and a one-year term of supervised release.  The court also imposed restitution of

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

$58,868.19, a $30,000 fine, and a $50 special assessment. Roberts now appeals several aspects of his conviction and sentence. We affirm.

In 1987, Roberts opened a chiropractic clinic in Forth Smith, Arkansas. For the next three years, Roberts paid federal and state income taxes. Starting in 1990, however, Roberts didn't file federal income tax returns or pay taxes. In 1993, Roberts earned approximately $123,000 in gross income, and in 1994, Roberts earned roughly $207,000. In March 2000, a grand jury indicted Roberts on two counts of failing to file income tax returns for the 1993 and 1994 tax years, violations of 26 U.S.C. § 7203. Roberts proceeded to trial in late June 2000; following a three-day trial, the jury convicted him on both counts.

Roberts raises five categories of claims in this appeal. We find that none of these claims of error has merit.

1. Roberts contends that the requirement to file a tax return under penalty of perjury violates his Fifth Amendment rights. He argues that if he had filed returns for 1993 and 1994, he would essentially have incriminated himself by demonstrating knowledge of the filing requirements for the other years when he failed to file a return, 1990, 1991, and 1992. We reject this argument because "[a] taxpayer cannot rely on the privilege against self-incrimination to refuse to disclose any information or to fail to file a tax return." Ueckert v. Comm'r of Internal Revenue, 721 F.2d 248, 250 (8th Cir. 1983) (per curiam) (citing United States v. Sullivan, 274 U.S. 259, 263-64 (1927)).

2. Roberts alleges that his indictment was defective because it failed to cite the statute requiring him to pay income taxes, 26 U.S.C. § 6012. An indictment is ordinarily sufficient if it states each material element of the offenses charged. See Hamling v. United States, 418 U.S. 87, 117 (1974). Though Roberts's indictment did not mention § 6012, the document cited 26 U.S.C. § 7203, which explicitly imposes punishment for willfully failing to file a tax return, and recited the various elements of

§ 7203. Roberts was fully aware of the charges he faced because, in addition to the plain language in the indictment, the district court required the government to file a bill of particulars. Thus Roberts received constitutionally proper notice of the charges levied against him. See United States v. Vroman, 975 F.2d 669, 670-71 (9th Cir. 1992) ("The government was not required to cite [] § 6012 in the indictment in order to give [defendant] notice of the charges filed against him."); United States v. Kahl, 583 F.2d 1351, 1355 (5th Cir. 1978) (same).

3. Roberts contends that the district judge should have recused himself. Roberts recites a laundry list of "bad acts": the district judge denied bail for improper reasons, dismissed related civil tax suits brought by Roberts without justification, improperly reviewed the magistrate judge's reports and recommendations, limited Roberts's objections at trial and at sentencing, and made improper comments at arraignment. Roberts also claims that the district judge "acted as an accuser" by listing the statutes Roberts had violated. These accusations amount to disagreements with court rulings, which do not form a proper basis for recusal. Harris v. State of Mo., 960 F.2d 738, 740 (8th Cir. 1992). We have reviewed the record in this case and we conclude that the district judge presided in a fair and impartial manner. The district judge therefore properly declined to recuse himself.

4. Roberts argues that the district court miscalculated the tax loss and imposed too harsh a sentence. We disagree. "[T]he guidelines contemplate that the court will simply make a reasonable estimate [of the tax loss] based on the available facts." U.S.S.G. § 2T1.1, app. n.1. The Presentence Report calculated the total tax loss at $18,771 for 1993 and $40,096 for 1994, and IRS Special Agent Tom Bryan testified to these amounts at the sentencing hearing. Roberts objected, and he cross-examined Agent Bryan at the hearing. After considering both the evidence and the objections, the district court adopted the tax loss estimate contained in the Presentence Report as its finding. Roberts has not shown that the court's findings were erroneous; he has only

claimed (oddly) that the government suffered *no loss* as a consequence of his failure to pay income taxes. We find that the court's tax loss calculations were not in error.

Roberts also argues that his sentence is erroneous because the IRS failed to submit a formal assessment of his tax liability. A valid, formal assessment was not required in this instance, and we therefore reject Roberts's argument. See United States v. Dack, 747 F.2d 1172, 1174-76 (7th Cir. 1984) (per curiam).

5. Finally, Roberts raises a farrago of (mostly) constitutional claims of error. He charges that the government violated his rights to compel the attendance of, and to cross-examine, certain government witnesses; that the district court lacked venue; that the jury instructions, the composition of the jury pool, and the court's conduct during voir dire were improper; and that the court erred in ruling on a variety of related matters. We have reviewed the record and we believe that Roberts's claims of error are unfounded. See 8th Cir. R. 47B.

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.