# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2809

_____

Charles Jeremiah,                           *
                                            *
                 Appellant,                 *
                                            *   Appeal from the United States
          v.                                *   District Court for the
                                            *   Western District of Missouri.
Michael Kemna,                              *
                                            *
                 Appellee.                  *

_____

Submitted:  January 13, 2004

Filed: June 7, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD,
       Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Charles Jeremiah appeals from the district court's[1] dismissal of his petition for writ of habeas corpus.  We affirm.

Jeremiah was convicted in 1999 of the murder of Shawna Roberts and sentenced to life in prison.  He was also convicted of armed criminal action, for which

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

he received a consecutive 10-year sentence. His appeals to the Missouri Court of Appeals and the Missouri Supreme Court brought him no relief. His petition for post-conviction relief in the Missouri courts was similarly unsuccessful. In December 2002, Jeremiah filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the district court, raising eight grounds for relief. The district court denied all eight grounds, but granted a certificate of appealability as to Ground 2, which alleged that "the trial court erred in allowing the prosecutor to mislead the jury regarding their consideration of petitioner's intoxicated condition."

At trial, evidence was adduced that both Jeremiah and Ms. Roberts were seen drinking alcohol and were possibly intoxicated on the day that Roberts was murdered. During the charge conference, the State proposed the following instruction, derived from Missouri Approved Instructions-Criminal (MAI-CR) 3d 310.50: "The state must prove every element of the crime beyond a reasonable doubt. However, in determining the defendant's guilt or innocence, you are instructed that an intoxicated or a drugged condition whether from alcohol or drugs will not relieve a person of responsibility for his conduct." Overruling defense counsel's objection, the trial court submitted the instruction to the jury.

During his closing argument, the prosecutor read the foregoing intoxication instruction and then stated: "You know what that tells you? That if you believe he might have been drunk when he did this, that does not negate . . . that does not mean that he did not have the purpose, the intent, that was required." After the trial court sustained defense counsel's objection to this statement, the prosecutor then restated his interpretation of the instruction as follows: "What this instruction tells you is that you are not to consider–if you think that he was intoxicated or drugged, you are not to consider that." Defense counsel's objection to this statement was overruled.

On direct appeal to the Missouri Court of Appeals, Jeremiah argued that the prosecutor's incorrect interpretation of the instruction resulted in prejudice to the

defense. The Missouri Court of Appeals held that "[w]hile the State's comment in isolation may have been an inaccurate statement of the law, viewing the record in its totality we cannot find that prejudice resulted." State of Missouri v. Jeremiah, No. 02-1132-CV-W-NKL-P, slip op. at 12 (Mo. Ct. App. Aug. 1, 2000).

As a preliminary matter, we find to be without merit the State's contention that Jeremiah has procedurally defaulted his claim that the prosecutor's comments relieved the State of its burden of proof and thus violated the due process rights that Jeremiah was entitled to under the holding in Sandstrom v. Montana, 442 U.S. 510 (1979) (holding that due process prohibits giving an instruction that might mislead the jury into believing that the State has been relieved of its burden of proof regarding an element of the offense).

We turn, then, to the merits of Jeremiah's claim. We may grant a state prisoner's § 2254 petition only if the result of the state court's review was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Mitchell v. Esparza, 124 S. Ct. 7, 10 (2003) (per curiam). Jeremiah argues that because the Missouri Court of Appeals failed to cite any federal cases in its analysis of his due process claim, its review does not amount to an adjudication on the merits that triggers the deferential standard of review described in § 2254(d)(1). We disagree. A state court need not cite to any specific federal cases, or indeed even be aware of them, when adjudicating a claimed violation of a constitutional right. Mitchell, 124 S. Ct. at 10; Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam). So long as the state court addresses and rules on the merits of the constitutional claim rather than on procedural grounds, the deferential standard of review of § 2254(d)(1) applies. Kenley v. Bowersox, 275 F.3d 709, 711 (8th Cir. 2002). Here, the Missouri Court of Appeals clearly adjudicated Jeremiah's due process claim on the merits. It examined the prosecutor's misstatements, reviewed the record as a whole, and

concluded that Jeremiah suffered no prejudice and thus no violation of his due process rights.

The question before us is whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Mitchell, 124 S. Ct. at 10. A state court's decision is contrary to clearly established Supreme Court precedent "'if it applied a rule that contradicts the governing law set forth in our cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Mitchell, 124 S. Ct. at 10 (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

We conclude that the state court's decision was not contrary to clearly established Supreme Court precedent. The Missouri Court of Appeals viewed the prosecutor's statements in the context of the entire trial. Culkin v. Purkett, 45 F.3d 1229, 1235 (8th Cir. 1995). It correctly indulged in the presumption that the jury would properly follow the instructions as given. Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997). It then held that although the prosecutor failed to state the meaning of the instruction correctly, those misstatements did not prejudice Jeremiah. Sandstrom, 442 U.S. at 514 (noting that "whether a defendant has been afforded his constitutional rights depends upon the way in which a reasonable juror could have interpreted" the words said to the jury); Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998) (holding that improper prosecutorial remarks violate due process only where there is a reasonable probability that the remarks affected the outcome). The statements could not have caused prejudice because no reasonable juror could have been misled as to the burden of proof where, as here, the instruction in question was read to the jury at least twice, and the jurors were told to follow the law as given to them by the court. Just as the giving of a faulty instruction can be cured by other instructions that set forth a correct statement of the law and by the prosecutor's

correct statement of the appropriate legal standard, <u>Middleton v. McNeil</u>, 124 S. Ct. 1830 (2004), so also can an erroneous statement of the law by the prosecutor be cured by a properly worded instruction.

The judgment dismissing the petition is affirmed.

_____