# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3505

_____

| | | |
|---|---|---|
| Noah Johnson, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Viskase, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: April 4, 2012
Filed: April 6, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Noah Johnson appeals the district court's[1] 28 U.S.C. § 1915(e) dismissal of his employment-discrimination complaint. Following careful de novo review, we affirm. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review).

To begin, we note that we do not consider any claims that were not both presented to the district court and discussed on appeal, or any exhibits that were filed

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

in this court but not filed in the district court.  See Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc., 528 F.3d 556, 559-60 (8th Cir. 2008) (appellate court can properly consider only record before district court, and thus only papers and exhibits filed in district court can constitute record on appeal); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (in reviewing dismissal of pro se complaint, appellate court applies general rule that claims not presented in district court may not be advanced for first time on appeal); Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) (party's failure to raise or discuss issue in his brief is deemed abandonment of that issue).

We conclude that the dismissal of Johnson's disability-discrimination claim was appropriate for the reasons discussed in the district court's order.  See 42 U.S.C. § 12102(1)(A) (defining "disability"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (plaintiff's obligation to provide grounds for entitlement to relief requires more than labels and conclusions; factual allegations must be enough to raise right to relief above speculative level).  We also conclude that the court did not abuse its discretion or demonstrate bias in declining to appoint counsel.  See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (indigent civil litigants do not have constitutional right to appointed counsel; trial court has broad discretion to decide whether plaintiff and court will benefit from appointment of counsel, taking into account, inter alia, factual and legal complexity of case); Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992) (unfavorable judicial ruling does not raise inference of bias).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____