# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1846

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Tommie Joe Johnson, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: August 7, 2001

Filed: August 14, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

This case is before us for the third time. In 1990, the Government charged Tommie Joe Johnson in a seven-count indictment with drug-related crimes, including two counts of using a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Johnson pleaded guilty to sale of cocaine near a playground, money laundering, and one count of using a firearm during a drug trafficking offense. The district court sentenced Johnson to 120 months in prison on the drug charge, a concurrent 120 months on the money laundering charge, and 60 consecutive months on the firearm charge. Johnson did not appeal.

After the Supreme Court rejected our less rigorous standard and held a defendant must actively employ a firearm to "use" it within the meaning of § 924(c), <u>Bailey v. United States</u>, 516 U.S. 137, 143 (1995), Johnson filed a motion to vacate and set aside his conviction and sentence on the firearm charge, <u>see</u> 28 U.S.C. § 2255, alleging his guilty plea on that charge was invalid after <u>Bailey</u>. The district court denied Johnson's motion, and he appealed. We remanded for further consideration in light of the Supreme Court's decision in <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998) (holding defendant can collaterally attack pre-<u>Bailey</u> guilty plea despite procedurally defaulting the claim if defendant shows either cause and prejudice or actual innocence). Without holding an evidentiary hearing, the district court granted Johnson's motion and vacated his § 924(c) conviction and sentence, stating there was no evidence that Johnson actually used the weapons during a drug transaction.

The Government appealed arguing the district court should not have granted Johnson's motion without an evidentiary hearing. We agreed, noting:

> In rebutting Johnson's claim of actual innocence on the § 924(c) charge, the Government is entitled "to present any admissible evidence of [Johnson's] guilt even if that evidence was not presented during [Johnson's] plea colloquy and would not normally have been offered before . . . <u>Bailey</u>. In cases where the Government has foregone more serious charges in the course of plea bargaining, [Johnson's] showing of actual innocence must also extend to those charges."

<u>Johnson v. United States</u>, 186 F.2d 876, 877-78 (8th Cir. 1999) (per curiam) (quoting <u>Bousley</u>, 523 U.S. at 624). The Government conceded it could not present evidence showing Johnson's active employment of a firearm on the § 924(c) charge to which Johnson pleaded guilty, but asserted it could make that showing on the § 924(c) charge dismissed in exchange for Johnson's plea. <u>Id.</u> at 878. We remanded for the district court to decide whether the dismissed § 924(c) charge was a more serious charge within the meaning of <u>Bousley</u>. <u>Id.</u> We stated, "If the district court concludes the

dismissed § 924(c) count is a more serious charge, then Johnson must show he is actually innocent of the charge as well and the Government is entitled to present evidence rebutting Johnson's claim." Id. On remand, the district court[*] found the dismissed § 924(c) count was not a more serious charge and vacated Johnson's § 924(c) conviction. The Government appeals again, and this time, we affirm.

The Government argues the dismissed § 924(c) charge is more serious than the § 924(c) charge to which Johnson pleaded guilty because a "second or subsequent" § 924(c) conviction is punishable by a mandatory twenty-year consecutive term of imprisonment. 18 U.S.C. § 924(c)(1). Even if one § 924(c) charge can be more serious than another § 924(c) charge, the dismissed charge in Johnson's case related to earlier conduct, and thus, could not have received the enhanced penalty for a "second or subsequent" gun conviction. United States v. Foote, 898 F.2d 659, 668-69 (8th Cir. 1990).

The Government also argues the district court committed error in not resentencing Johnson. According to the Government, once Johnson's gun conviction was reversed, the district court should have enhanced Johnson's drug sentence for his possession of a dangerous weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1). The Government did not raise this issue in its brief in the district court. Although the Government mentioned the issue in a telephonic conference nearly six months after briefing, the district court declined to resentence Johnson. In any event, the Government has not offered any evidence supporting the enhancement. The Government points to a statement in the presentence report that Johnson possessed a gun in September 1988, but Johnson's drug offense occurred a year later, and any enhancement for possession of a firearm requires proof that the firearm was present

---

[*]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

during the drug offense.  See id. n.3; United States v. Matthews, 5 F.3d 1161, 1165-66 (8th Cir. 1993).

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.