In the

# United States Court of Appeals
## For the Seventh Circuit

No. 00-3040

DWIGHT B. LEWIS,

*Petitioner-Appellant,*

v.

T.C. PETERSON, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 00-1094—**Michael M. Mihm**, *Judge.*

ARGUED APRIL 9, 2003—DECIDED MAY 27, 2003

Before FLAUM, *Chief Judge,* and POSNER and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge.* The petitioner, Dwight Lewis, was convicted in a district court in the Eighth Circuit, pursuant to a guilty plea based on a plea agreement that he had signed, of using a firearm to commit a federal drug offense, in violation of 18 U.S.C. § 924(c). The agreement provided for the dismissal of another section 924(c) charge, this one based on an incident that occurred before the incident that formed the basis of his guilty plea. The petitioner did not appeal his conviction, but he later filed a motion under 28 U.S.C. § 2255 to vacate it on the ground that the Supreme

Court's decision in *Bailey v. United States*, 516 U.S. 137, 150 (1995), rendered shortly after he had been convicted, showed that (as the government acknowledges) he was innocent of the section 924(c) charge to which he had pleaded guilty. The district court denied his motion before the Supreme Court held, in *Bousley v. United States*, 523 U.S. 614 (1998), that a person who was convicted before *Bailey* and failed to challenge his conviction by way of a direct appeal, thus forfeiting his normal right to mount a collateral attack on the conviction, *id.* at 621, can neverthe-less get his conviction set aside by means of a collateral proceeding if he proves that he is innocent both of the section 924(c) offense of which he was convicted (the "actual innocence" requirement imposed on defaulters) and of any "more serious" charge that the government dropped or otherwise forwent in the course of plea negotiations. *Id.* at 623-24.

The idea behind this rule is that had the government foreseen *Bailey* it would not have dropped the charge and so the petitioner, who we know wanted to plead guilty, would probably have pleaded guilty to that charge instead, and if it was a more serious charge (or we add, no less serious a charge) he would probably have incurred a lawful punishment no less severe than the one imposed on him under the count to which he pleaded guilty, the count that he was later determined to be innocent of by virtue of the Court's interpretation of section 924(c) in *Bailey*. Of course, it could not be said with certainty that his punish-ment would have been the same. A defendant may want to plead guilty whether there are two counts in the indict-ment or one, but if he learns that one is invalid he may hold out for a better deal on the other, since, for example, he doesn't have to worry about consecutive sentences. This is a possibility, surely, but to allow the defendant to use it to get off scot free would be to confer a windfall on him,

as the government would not have dropped a good count in plea negotiations had it known that the remaining count was invalid, and if the dropped charge was indeed a good count, the defendant would not have escaped punishment had it not been dropped, punishment at least comparable to that imposed on the bad count.

After the decision in *Bousley*, Lewis filed a second collateral attack, this one a petition for habeas corpus in the district of his incarceration, which happens to be in our circuit, not the Eighth Circuit. 28 U.S.C. § 2241(d). He invoked the provision in 28 U.S.C. § 2255 that allows this maneuver if it "appears that the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." See *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). It was here. The petitioner could not have satisfied the criteria for filing a second section 2255 motion because he was not seeking relief on the basis of newly discovered evidence or a new rule of constitutional law, which are the only grounds for a second such motion. *Id.* at 610. Yet the combined effect of *Bailey* and *Bousley* is to establish that he was convicted of a nonexistent crime, a consequence that, as the *Bousley* decision makes clear, is a ground for collateral relief. Therefore, with the section 2255 route barred, he was entitled to proceed by way of habeas corpus. *In re Davenport, supra*, 147 F.3d at 610-12; *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); cf. *Gray-Bey v. United States*, 209 F.3d 986, 989-90 (7th Cir. 2000) (per curiam). And so the district court assumed, but it went on to deny relief on the merits and the petitioner has appealed.

He concedes that had the section 924(c) offense that was dropped in the plea negotiations been committed after the section 924(c) offense to which he pleaded guilty was committed, then because a second such offense carried at the time an additional 20-year sentence, see 18 U.S.C.

§ 923(c)(1)(C)(i) (since amended to raise the addition to 25 years), the charge that was dropped would have been "more serious" than the one to which he pleaded. And since he cannot demonstrate his innocence of the dropped offense, he would in those circumstances be entitled to no relief. But, he argues, relying on *United States v. Johnson*, 260 F.3d 919, 921 (8th Cir. 2001) (per curiam), because the dropped offense occurred first, and a later offense cannot be used to enhance the punishment for an earlier one, the "more serious" criterion of *Bousley* has not been met. The dropped charge, the one that he cannot demonstrate he did not commit, was no more serious than the one to which he pleaded guilty and which he has shown that he did not (by virtue of *Bailey*'s interpretation of section 924(c)) commit.

We disagree with *Johnson*'s reading of *Bousley*. The logic of the *Bousley* opinion does not require that the charge that was dropped or forgone in the plea negotiations be more serious than the charge to which the petitioner pleaded guilty. It is enough that it is as serious. For if it is as serious, the petitioner would have gained little or nothing had the government and he realized that the charge to which he pleaded guilty was unsound. Had they realized this they would have switched the plea to the sound charge, and as long as it was an equally serious charge, as it was here, the punishment would probably have been the same, subject to our earlier acknowledgment that the government might drive a harder plea bargain if it had two good counts to brandish rather than just one. But this is true whether the valid count charges a more serious crime than the invalid one or a crime that is as serious; only if it charges a less serious crime is there a strong reason to believe that the defendant was punished more severely by virtue of having pleaded guilty to the count later learned to be invalid. Thus the Court's reasoning

does not support limiting the rule of *Bousley* to the case in which the dropped or otherwise forgone charge was more serious, rather than as or more serious, than the charge to which he pleaded guilty.

Because this decision creates a conflict with another circuit, the opinion was circulated to the full court in advance of publication, in accordance with 7th Cir. R. 40(e). No judge in regular active service voted to hear the case en banc. (Judge Coffey did not participate in the consideration of whether to hear the case en banc.)

AFFIRMED.

A true Copy:

　　　Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*