In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-2187

BENJAMIN BARRY KRAMER,

*Petitioner-Appellant,*

*v.*

KEITH E. OLSON, Warden, United States Penitentiary,
Terre Haute, Indiana,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 2:02-cv-00317-JDT-WTL—**John Daniel Tinder**, *Judge.*

SUBMITTED JULY 10, 2003—DECIDED OCTOBER 10, 2003

Before FLAUM, *Chief Judge*, and BAUER, and MANION,
*Circuit Judges*.

PER CURIAM. Federal prisoner Benjamin Kramer peti-
tioned for a writ of habeas corpus under 28 U.S.C. § 2241,
challenging his conviction under *Richardson v. United
States*, 526 U.S. 813 (1999). The district court concluded
that Kramer could not proceed under § 2241 because the
principal means of attacking a federal conviction, a motion
to vacate under 28 U.S.C. § 2255, was not inadequate to
test the legality of Kramer's conviction. The district court

accordingly characterized Kramer's filing as a mislabeled § 2255 motion and dismissed for lack of jurisdiction because Kramer had once before sought relief under § 2255 and had not received our permission to do so again. We affirm.

Between 1982 and 1986 Kramer and others imported several hundred thousand pounds of Columbian marijuana into the United States. A federal jury in the Southern District of Illinois found Kramer guilty of engaging in a continuing criminal enterprise ("CCE"), *see* 21 U.S.C. § 848, and of conspiracy to distribute marijuana, *see id.* §§ 846, 841(a)(1). Kramer was sentenced to a mandatory term of life imprisonment without parole on the CCE count (reflecting the jury's finding that Kramer acted as a principal administrator of the CCE), and to a concurrent term of 40 years' imprisonment on the conspiracy count. We affirmed. *United States v. Kramer*, 955 F.2d 479 (7th Cir.), *cert. denied*, 506 U.S. 998 (1992).

Several years later Kramer moved to vacate his convictions under § 2255. As relevant here, he argued that the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292 (1996), rendered the convictions invalid. In *Rutledge* the Supreme Court held that conspiracy under § 846 is a lesser included offense of the CCE violation. *See id.* at 300. In light of *Rutledge*, Kramer's convictions for both conspiracy *and* CCE could not stand. Predictably, the district court vacated the conspiracy count (handing Kramer a rather hollow victory that eliminated the 40-year sentence but left the life sentence intact), subject to reinstatement should the CCE conviction itself ever be vacated.

Kramer now seeks exactly that, relying this time on *Richardson v. United States*, 526 U.S. 813 (1999), which also analyzes the CCE statute. The statute defines a "continuing criminal enterprise" as a violation of the federal drug laws that is part of a "continuing series of violations." *See* 21 U.S.C. § 848(c). *Richardson* holds that each underly-

ing violation in the "continuing series" is an element of the CCE offense. *Richardson*, 526 U.S. at 817-18, 824. Consequently, a jury must agree unanimously as to which predicate "violations" make up the "continuing series of violations." *Id.* at 815, 824. *Richardson* overruled this court's precedent that allowed for conviction without unanimity about the specific CCE predicates. *See, e.g.*, *Kramer*, 955 F.2d at 486-87. Thus, in accordance with our pre-*Richardson* decisions, Kramer's jury was not told that it needed to agree about which underlying drug transactions comprised the continuing series, but only that it must agree that Kramer committed three violations of the federal drug laws.

With *Richardson* in his quiver, Kramer filed in the Southern District of Illinois what he styled a petition for a writ of habeas corpus under § 2241 or, alternatively, a § 2255 motion. The district court dismissed the suit because a § 2241 petition must be filed in the district with jurisdiction over the petitioner's custodian, *see Samirah v. O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003), which in Kramer's case is the Southern District of Indiana. Alternatively, the court held that it lacked jurisdiction over a second § 2255 motion absent authorization from this court. *See* 28 U.S.C. § 2255 ¶ 8 (limiting prisoners to one collateral attack without appellate authorization); *Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002). So Kramer refiled his § 2241 petition in the Southern District of Indiana.

The Indiana district court concluded that, despite the document's § 2241 label, it was really an unauthorized second § 2255 motion. The court noted that a prisoner may not use § 2241 to attack a conviction or sentence except in the narrow class of cases where § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. 28 U.S.C. § 2255 ¶ 5. Concluding that Kramer's *Richardson* claim did not bring him within that narrow exception, the court dismissed the petition for lack of jurisdiction. Kramer appeals.

Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction. But § 2255 contains a "savings clause" permitting prisoners to proceed under § 2241 (usually reserved for attacking the execution, not imposition, of a sentence) in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255 ¶ 5. We have explained that § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Thus, Kramer must first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 "inadequate") and "eludes the permission in section 2255 for successive motions." *See In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Second, he must establish that his theory supports a non-frivolous claim of actual innocence. *See Taylor*, 314 F.3d at 835 ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review—and then only when as in *Davenport* the claim being foreclosed is one of actual innocence."); *see also Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999) ("A valid claim of actual innocence would be enforceable under § 2241 . . . if relief under [§ 2255] was not . . . available.").

As to the first requirement, *Richardson* was decided after Kramer's first § 2255 motion, and so we focus on whether a claim under it satisfies the criteria to file a second § 2255 motion (making resort to § 2241 unnecessary). *See* 28 U.S.C. § 2255 ¶ 8. Kramer does not rely on new evidence of his innocence (the criteria for authorization under ¶ 8(1)), so he may obtain our authorization under ¶ 8 only if *Richardson* announces a new rule of constitutional law made retroactive by the Supreme Court, *id.* § 2255 ¶ 8(2).

*Richardson* does not announce a new constitutional rule. Rather, it interprets the statutory phrase "series of violations," and holds that it defines "several elements" of a CCE offense. *Richardson*, 526 U.S. at 815-18. Thus, although *Richardson* may have constitutional consequences (jury unanimity as to the specific violations), it is a statutory decision that does not state a new rule of constitutional law. *See Lanier v. United States*, 220 F.3d 833, 838 (7th Cir. 2000) ("*Richardson* simply articulated the meaning of 'continuing series of violations' in § 848 . . . ."); *see also Gray-Bey v. United States*, 209 F.3d 986, 989 (7th Cir. 2000) (statutory decision with "constitutional fallout" is not a "'new rule of constitutional law'"). Consequently, Kramer's *Richardson* claim eludes the requirements for filing a second § 2255 motion.

Kramer now confronts the second, more onerous hurdle: actual innocence. To surmount the obstacle, Kramer analogizes himself to petitioners with claims under *Bailey v. United States*, 516 U.S. 137 (1995), and *Jones v. United States*, 529 U.S. 848 (2000), who we have allowed to proceed under § 2241.[1] *See In re Davenport*, 147 F.3d at 611-12 (*Bailey* claim cognizable under § 2241); *see also United States v. Prevatte*, 300 F.3d 792, 802 (7th Cir. 2002) (same for *Jones* claim).

At first glance, Kramer's *Richardson* claim does resemble one based on *Bailey* or *Jones*. *Bailey*, *Jones*, and *Richardson* claims all rely on Supreme Court decisions interpreting a statute. In *Bailey* the Supreme Court held that mere

---

[1] Kramer also relies on *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001). But *Garza* dealt with a claim that the petitioner's execution would violate international human rights norms, and is thus not particularly helpful for analyzing Kramer's claim. Additionally, the panel in *Garza* acknowledged the "very unusual facts" of that case, *id.* at 921, and we think its applicability beyond those facts is limited.

possession of a firearm does not violate the "use" prong of 18 U.S.C. § 924(c), as had previously been the law in this circuit. *Bailey*, 516 U.S. at 137. Similarly, in *Jones* the Court reversed our interpretation of 18 U.S.C. § 844(i) and held that igniting a private residence (if linked to interstate commerce only by its receipt of interstate natural gas) does not violate the federal arson statute. *See Jones*, 529 U.S. at 850-51, 856-57. We allowed petitioners premising claims on those opinions to proceed under § 2241 because the unavailability of § 2255 effectively prevented them from obtaining review of what may have been a fundamental flaw in their convictions—the possibility that the convictions hinged on conduct Congress never intended to criminalize. *See Prevatte*, 300 F.3d at 802; *Davenport*, 147 F.3d at 611. In other words, § 2255 was inadequate because the asserted defect was one "so fundamental . . . as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611; *see also Cooper*, 199 F.3d at 901 (discussing *Davenport* and noting that petitioner there was "convicted of a nonexistent crime, which in anyone's book is a clear miscarriage of justice").

Kramer's *Richardson* claim is distinguishable from those asserted under *Bailey* or *Jones*. After *Bailey* and *Jones*, certain prisoners could admit everything charged in their indictment, but the conduct no longer amounted to a crime under the statutes (as correctly understood). Unlike someone asserting a claim based on *Bailey* or *Jones*, Kramer cannot admit committing the charged conduct and still escape punishment under the CCE statute. The jury at Kramer's trial heard evidence establishing that he helped import seven massive boatloads of marijuana (weighing from 14,000 to 152,000 pounds) into the United States. Even though the jury was not required to agree unanimously about which of those seven transactions constituted the "series of violations," such a shortfall has no bearing on whether Kramer's conduct violated the CCE statute. *See*

*Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (per curiam) ("*Richardson . . .* has no effect on whether the facts in [petitioner's] case would support his conviction for a substantive offense."). Thus, he cannot advance a non-frivolous claim that, after *Richardson*, he is actually innocent of conducting a criminal enterprise. *Cf. Taylor*, 314 F.3d at 836 (petitioner's claim that previous § 2255 motion was decided incorrectly was not a defect on par with a *Bailey* claim). We thus join the Fifth Circuit and the Eleventh Circuit in concluding that a *Richardson* claim is not the sort that will permit passage through the narrow opening of § 2255's savings clause. *See Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003) ("[A] *Richardson* claim is not the type of defect that opens the portal to a § 2241 proceeding."); *Jeffers*, 253 F.3d at 830-31 (rejecting argument that *Richardson* claim could establish petitioner's actual innocence); *see also Wesson v. U.S. Penitentiary Beaumont Tex.*, 305 F.3d 343, 347-48 (5th Cir. 2002) (per curiam) (same); *cf. Cephas v. Nash*, 328 F.3d 98, 107-08 (2d Cir. 2003) (holding that jury verdict of guilty on four substantive narcotics violations conclusively negated petitioner's "*Richardson*-based claim of actual innocence").

Accordingly, we AFFIRM the judgment of the district court dismissing Kramer's petition as an unauthorized successive § 2255 motion.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*