# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2760

_____

United States of America,               *
                                              *

           Appellee,              *

                                              *    Appeal from the United States

      v.                            *    District Court for the

                                              *    Western District of Missouri.

Gregory L. McCall,               *

                                              *    [UNPUBLISHED]

           Appellant.            *

_____

Submitted: March 15, 2004

Filed: March 24, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Gregory L. McCall appeals his conviction and the sentence imposed by the district court[1] after a jury found him guilty of possessing a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). McCall's counsel has filed a motion to withdraw and a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the district court abused its discretion in denying McCall's pro se motion for a suppression hearing. In his pro se brief, McCall contends, <u>inter</u>

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

alia, that he had his civil rights restored for all his prior felony convictions; he never knowingly possessed any firearms; his alleged possession of firearms did not affect interstate commerce; Congress exceeded its authority under the Commerce Clause by enacting the felon-in-possession statute; the district judge was pro-prosecution and should have recused himself; his counsel was ineffective and his conviction should have been vacated; and the district court erred in allowing perjured testimony at sentencing, and in enhancing his sentence based on his alleged involvement in an identity-theft scheme. McCall also moves to supplement the record with miscellaneous documents, and to obtain various records and transcripts from the district court proceedings.

We reject McCall's argument that because his civil rights were restored, the provisions of 18 U.S.C. § 921(a)(20) prohibit using his prior Missouri and Michigan convictions as predicate offenses for his instant conviction. Missouri does not restore civil rights to its felons, see Presley v. United States, 851 F.2d 1052, 1053 (8th Cir. 1988), and thus whether McCall had his civil rights restored in Michigan is of no consequence.

We also reject McCall's argument that there was insufficient evidence he had knowingly possessed firearms. According to trial testimony, McCall advised the police he had the firearms in the home for protection, and he indicated "he stayed in" the room where the firearms were found. McCall also knew the combination to a safe that contained two loaded firearms, and the police found his wallet in the same room as the firearms. See United States v. Walcott, 61 F.3d 635, 638 (8th Cir. 1995) (standard of review); United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993) (possession under § 922 may be constructive or joint; defendant possesses firearm if he has dominion over premises where firearm is located, or control or dominion over firearm).

We do not consider McCall's ineffective-assistance claims, which are more appropriately raised in collateral proceedings under 28 U.S.C. § 2255. See United States v. Jackson, 204 F.3d 812, 815 (8th Cir. 2000). Finally, we conclude that the remaining arguments raised by McCall and his counsel are without merit. See U.S.S.G. § 2K2.1(b)(5) & comment. (n.7) (authorizing 4-level enhancement where defendant possesses weapon in connection with another felony offense even if criminal charges were never brought); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002) (felon-in-possession statute does not violate Commerce Clause); United States v. Torres, 258 F.3d 791, 794 (8th Cir. 2001) (evaluation of witness credibility at sentencing is within province of district court); United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) (under § 922 it is sufficient that firearms have been, at some time, in interstate commerce); Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992) (unfavorable judicial ruling does not raise inference of bias or require recusal); United States v. Brown, 481 F.2d 1035, 1041 (8th Cir. 1973) (court has no authority to dismiss indictment on basis of sufficiency-of-evidence defense which raises factual questions embraced in general issue).

We have carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm. We deny all other pending motions.

_____