

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# Fisher v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3194

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fisher v. Miner" (2007). *2007 Decisions*. Paper 1612.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1612

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-69                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3194
_____

GUY THOMAS FISHER,
Appellant

v.

JONATHAN C. MINER, Warden, United States
Penitentiary at Allenwood, Pennsylvania

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-0412)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2006

Before:  RENDELL, SMITH and COWEN, <u>Circuit Judges</u>.

(Filed  February 15, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

Guy Fisher appeals from the order of the United States District Court for the

Middle District of Pennsylvania denying his petition for relief pursuant to 28 U.S.C. §

2241. We will affirm the order of the District Court.[1]

In 1983 Fisher was convicted in the Southern District of New York of several offenses related to his narcotics distribution and racketeering activities. In particular, Fisher was convicted for engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. The United States Court of Appeals for the Second Circuit affirmed. Fisher has since filed two motions pursuant to 28 U.S.C. § 2255 (one in 1997, one in 2000), and sought authorization to file additional petitions three times, all unsuccessful with regard to his challenge to the CCE conviction.[2]

In the instant § 2241 petition, Fisher claims that his CCE conviction is unlawful because the District Court gave constitutionally deficient jury instructions when it failed to instruct the jury to unanimously agree upon the specific violations that constitute the "continuing series" of violations pursuant to Richardson v. United States, 526 U.S. 813, 815 (1999). He also contends that he is actually innocent of the CCE conviction and two RICO offenses because of the potential jury confusion resulting from the flawed instructions. Finally, Fisher claims that AEDPA is unconstitutional as applied to §§ 2255 and 2244, or alternatively, that § 2255 is inadequate or ineffective to test the legality of his confinement. The District Court dismissed his petition and denied a subsequent motion for reconsideration. Fisher now appeals.

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

[2] Apparently, a conviction on a narcotic conspiracy charge pursuant to 21 U.S.C. § 846 was vacated.

A § 2255 motion is the presumptive means for a federal prisoner to challenge his sentence or conviction. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Such claims may not be raised in a § 2241 petition except in an "unusual circumstance" where a § 2255 motion would be "inadequate or ineffective." 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). This only occurs when "the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). The fact that Fisher has previously filed a § 2255 motion that was denied on the merits, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, does not serve to make § 2255 inadequate or ineffective. See Dorsainvil, 119 F.3d at 251.

Fisher explicitly challenges his conviction and sentence and thus, is subject to the requirements to successfully bring a § 2241 petition set forth in Dorsainvil. Fisher argues that he meets the standard because in Richardson the Supreme Court held that a jury in a CCE case must unanimously agree, not only that the defendant committed some "continuing series of violations," but also on the specific violations that comprise the alleged "continuing series." Richardson, 526 U.S. at 815. The jury in Fisher's pre-Richardson trial did not receive an instruction to that effect; thus, it is possible that the jury's judgment on the CCE conviction may well not have been unanimous in the

<u>Richardson</u> sense.  Further, because Fisher's narcotic conspiracy conviction was vacated,[3] Fisher contends that the 78 acts alleged in that count could not be used as the predicate offenses necessary for finding him guilty on the CCE charge or the RICO violations.  He contends that, under these circumstances, it is not clear what three predicate offenses the jury could have used as the basis for the CCE conviction, and asserts that he thus is "actually innocent."  Fisher argues that he is in the same position as the petitioner in <u>Dorsainvil</u>, in that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision.  <u>See</u> 119 F.3d at 252; <u>see also</u> <u>Triestman v. United States</u>, 124 F.3d 361, 380 (2d Cir. 1997).

We agree with the District Court that Fisher is not in the unusual situation contemplated by this Court in <u>Dorsainvil</u>.  Fisher's interpretation of <u>Richardson</u> is not supported by the case law.  The courts of appeals that have considered the issue have concluded that a <u>Richardson</u> claim does not render § 2255 "inadequate or ineffective." <u>See</u> <u>Kramer v. Olson</u>, 347 F.3d 214, 218 (7th Cir 2003) (a <u>Richardson</u> claim "is not the sort that will permit passage through the narrow opening of § 2255's savings clause"); <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1366 (11th Cir. 2003) (because the conduct necessary

---

[3]Fisher's conviction for narcotic conspiracy in violation of 21 U.S.C. § 846 was vacated as a result of the Supreme Court's decision in <u>Rutledge v. United States</u>, 517 U.S. 292 (1996).  In <u>Rutledge</u>, the Court held that 21 U.S.C. § 846 (conspiracy to distribute controlled substances) is a lesser included offense of 21 U.S.C. § 848 (CCE), conviction for both offenses is improper, and accordingly, where the defendant was convicted on both charges based on the same underlying conduct, one of the convictions should be vacated.  <u>See</u> <u>Rutledge</u>, 517 U.S. at 307.

4

to show a CCE offense is the same post-Richardson, "a Richardson claim is not the type of defect that opens the portal to a § 2241 proceeding"); Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir. 2001) (because Richardson "has no effect on whether the facts in [the] case would support [petitioner's] conviction for a substantive offense," petitioner cannot show he was convicted for conduct that did not constitute a crime).[4] Notably, in Kramer, the Seventh Circuit faced a nearly identical situation to this, in which the petitioner – whose 21 U.S.C. § 846 conviction had been vacated pursuant to Rutledge – alleged actual innocence. The Court explained the difference between Kramer's claim and those for which § 2255 was unavailable: those who may proceed under § 2241 can do so because of the possibility that their "convictions hinged on conduct Congress never intended to criminalize . . . [those] prisoners could admit everything charged in their indictment, but the conduct no longer amounted to a crime under the statutes." Kramer, 347 F.3d at 218. In contrast, Kramer could not "admit committing the charged conduct and still escape punishment under the CCE statute." Id.

Fisher does not meet the Dorsainvil standard because the Richardson decision did not effectively decriminalize the conduct for which he was convicted. We also agree with the District Court's determination that Fisher's challenge to the constitutionality of AEDPA is without merit. Accordingly, the District Court properly denied Fisher's

---

[4] Although this Court has not written on this precise issue in a published opinion, we have concluded that § 2255 is only inadequate or ineffective where the petitioner was convicted for previously criminal conduct which an intervening change in the law has rendered non-criminal. See Okereke, 307 F.3d at 120.

5

§ 2241 petition.

For the foregoing reasons, we will affirm the order of the District Court.