**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 18, 2007[*]
Decided April 18, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 06-3753 | |
| | Appeal from the United States |
| SAMUEL GRAVITT, | District Court for the Southern District |
| *Petitioner-Appellant,* | of Indiana, Indianapolis Division |
| | |
| *v.* | No. 1:06-CV-899 |
| | |
| RICK V. VEACH,** | John Daniel Tinder, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Federal inmate Samuel Gravitt petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the district court misapplied U.S.S.G. § 5G1.3(b) by not imposing a shorter sentence to account for the period of incarceration he had

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

** Rick V. Veach, the current warden at the Terre Haute Federal Correctional Complex, has been substituted for Mark A. Bezy as respondent. *See* Fed. R. App. P. 34(c).

already served on a state conviction. The district court denied his petition. Because Gravitt cannot challenge the imposition of his sentence using § 2241, we affirm.

In 2001 Gravitt pleaded guilty in Missouri state court to child endangerment for giving his son a loaded handgun; he was sentenced to ten years' imprisonment on October 2, 2001. About a month later, on October 29, 2001, Gravitt was transferred to the custody of the United States Marshals Service to face felon-in-possession charges in the Western District of Missouri. *See* 18 U.S.C. § 922(g)(1); 924(e). Gravitt pleaded guilty to the federal charge, and on December 5, 2002, he was sentenced to 120 months' imprisonment. The district court judge ordered that Gravitt's federal sentence run concurrently with his Missouri state sentence. Gravitt did not seek direct review, but he did file a motion pursuant to 28 U.S.C. § 2255, which was dismissed with prejudice. He was returned to the custody of Missouri authorities to serve the remainder of his state sentence. In September 2005, after completing his state sentence, Missouri turned him over to federal authorities to finish serving his federal sentence.

Gravitt, who is now incarcerated in the Southern District of Indiana, argued in his § 2241 petition that the sentencing court should have reduced his federal sentence to account for the time he served on the Missouri conviction before he was sentenced on the federal conviction—by his calculation, the period between September 30, 2001, and December 5, 2002. In denying Gravitt's petition, the district court construed it as challenging the Bureau of Prisons' ("BOP") calculation of his time served. The district court explained that Gravitt had already received credit towards his Missouri sentence for the period of time before he received his federal sentence, and the BOP is precluded from giving credit for periods of confinement that have already been applied towards another sentence. *See* 18 U.S.C. § 3585(b) (providing that no period of incarceration can be credited against a federal sentence if it already has "been credited against another sentence"); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (explaining operation of § 3585(b)).

However, as we read Gravitt's petition, and his brief on appeal, he is not arguing that the BOP should have given him credit under § 3585(b), but that the federal sentencing court misapplied U.S.S.G. § 5G1.3(b) when it sentenced Gravitt.[1] Section § 5G1.3(b) requires a sentencing court to impose a shorter sentence to account for incarceration already served on another conviction encompassing the same conduct. *See* U.S.S.G. § 5G1.3(b). Gravitt argues that the sentencing court

---

[1] Gravitt explained to the district court that "the question is not whether the credit petitioner seeks violates § 3585(b) but rather did the . . . sentencing court intend to credit petitioner, under the guidelines, for the time he served on his state offense." (R.8 at 1-2.)

did not follow § 5G1.3(b) when it failed to reduce his 120-month federal sentence by the time he had already served on his Missouri conviction.

However, Gravitt's contention that the district court misapplied § 5G1.3 attacks the imposition, not the execution, of his federal sentence, and ordinarily only challenges to the execution of a sentence are properly brought under § 2241, *see Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); challenges to the imposition of a sentence must generally be raised under 28 U.S.C. § 2255. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). The exception is that § 2255 contains a "savings clause" which permits a prisoner to proceed under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *Kramer*, 347 F.3d at 217; *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002). Section 2255 is inadequate only when the Supreme Court interprets a statute in a way that the prisoner is actually innocent of the crime for which he was convicted because he was convicted for a "nonexistent offense." *Prevatte*, 300 F.3d at 799; *see, e.g., Bailey v. United States*, 516 U.S. 137, 143 (1995) (mere possession of a firearm does not violate federal use-of-a-firearm-during-a-drug-offense statute); *Jones v. United States*, 529 U.S. 848, 852 (2000) (arson of residential home does not violate federal arson statute). Gravitt cannot satisfy this narrow exception because his challenge is to his sentence, not his conviction. *See, e.g., Dellinger v. Bowen,* 301 F.3d 758, 767 (7th Cir. 2002).

Additionally, Gravitt's claim would face a serious obstacle in any collateral challenge because claims premised on the sentencing guidelines, absent "extraordinary circumstances," can only be raised on direct appeal. *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993) (describing as hypothetical example of "extraordinary circumstances" the sentencing court's refusal to implement a guidelines provision favorable to the defendant coupled with cause for not seeking direct review); *see United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001); *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999); *Soto v. United States*, 37 F.3d 252, 254 (7th Cir. 1994).

For these reasons, the judgment of the district court is AFFIRMED.