NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008[*]
Decided December 22, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-3193

| | |
|---|---|
| GREGORY LEE McCALL, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 07-498-DRH |
| | |
| UNITED STATES OF AMERICA, et al., | David R. Herndon, |
| *Respondents-Appellees.* | *Chief Judge*. |

**O R D E R**

Federal inmate Gregory McCall petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, claiming in part that the district court misapplied U.S.S.G. §§ 5G1.3(b)-(c), the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

sentencing guideline that governs unfulfilled terms of imprisonment. The court denied his petition, and we affirm.

After a jury convicted McCall on one count of possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2), he was sentenced in the Western District of Missouri to 120 months' imprisonment. His conviction and sentence were affirmed. *See United States v. McCall*, 94 Fed. App'x 417 (8th Cir. 2004). McCall then brought a motion under 28 U.S.C. § 2255 in the Western District of Missouri, challenging his sentence. The district court denied the motion, and the court of appeals denied his application for a certificate of appealability.

While serving his sentence, McCall was sentenced in a Kansas state court on pending charges of identity theft. He received a 44-month sentence to run consecutively to his federal charge (and was credited 891 days for time served in federal prison).

McCall then petitioned the district court under § 2241, arguing among other things that the court misapplied U.S.S.G. §§ 5G1.3(b)-(c), and should have reduced his sentence for time served in pretrial detention, and should have allowed his federal sentence to be served in state prison. The court denied the petition, explaining that § 2241 could not provide McCall with relief because a federal inmate seeking to challenge his conviction or sentence must normally do so under § 2255, and McCall did not qualify for any of the narrow exceptions.

On appeal McCall renews his § 2241 argument that the sentencing court misapplied U.S.S.G. § 5G1.3 at the time of sentencing. His argument challenges the imposition of his sentence, which is a contention ordinarily raised only under § 2255, *see Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), whereas challenges to the execution of a sentence are generally brought under § 2241, *see Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Because McCall attacks the imposition, not the execution, of his sentence, he must demonstrate that he falls within the "savings clause" provided by § 2255, which permits a prisoner to proceed under § 2241 if § 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *Kramer*, 347 F.3d at 217; *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002). Section 2255 may be inadequate or ineffective if a defendant has been convicted of a "nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). And absent extraordinary circumstances a challenge premised on the sentencing guidelines can be raised only on direct appeal. *See United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001); *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999).

McCall, having previously filed a direct appeal and a § 2255 motion, is unable to satisfy this narrow exception. He does not argue that the charged conduct is no longer a

crime or that there is newly discovered evidence.  *See Lewis*, 329 F.3d at 936.  Nor does he assert that he is innocent of the charges.  *See Kramer*, 347 F.3d at 217.  Rather, his challenge, premised on the district court's alleged misapplication of the guidelines, is to the imposition and not the execution of his sentence.

The judgment of the district court is AFFIRMED.