ALD-183                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1089
_____

OLEE WONZO ROBINSON,
Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:16-cv-00103)
District Judge: Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 6, 2017
Before:   MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: April 24, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Olee Wonzo Robinson, an inmate at F.M.C. Butner serving a life sentence, filed a federal petition for a writ of habeas corpus in the District Court pursuant to 28 U.S.C. § 2241.[1]  That petition challenged Robinson's conviction in December 1993 for engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848. The District Court dismissed the petition for lack of jurisdiction.  We will affirm.

Robinson has sought for many years to pursue a habeas claim based on the Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999), which held that a jury in a CCE case must unanimously agree that the defendant committed each of the individual violations necessary to make up a "continuing series of violations" of the federal drug laws.  Id. at 824.  The core of Robinson's claim has been that the superseding indictment in his case, which brought the CCE charge as one of fourteen counts, did not charge three or more individual violations that could constitute a "continuing series."  As a result, argued Robinson, he is actually innocent of the CCE violation.  In September 2001, Robinson sought permission from the Sixth Circuit to file a successive 28 U.S.C. § 2255 motion raising that claim, but that request was denied in April 2002.  In September 2010, Robinson filed a habeas petition in the District of South Carolina under 28 U.S.C. § 2241 that raised that same claim.  The District Court in that case dismissed the petition for want of jurisdiction, and the Fourth Circuit affirmed.

---

[1] At the time Robinson filed his petition, he was housed at F.C.I. Schuylkill, within the Middle District of Pennsylvania.  He was transferred to F.M.C. Butner for medical care.

2

Robinson then filed his § 2241 petition in the Middle District of Pennsylvania in January 2016, again raising the Richardson claim. The District Court concluded that the § 2241 petition should be dismissed because a motion brought pursuant to 28 U.S.C. § 2255(a) was not an inadequate or ineffective remedy for challenging the conviction. See 28 U.S.C. § 2255(e). Robinson moved that the District Court reconsider its dismissal order. The District Court denied reconsideration, and Robinson appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We review the denial of a motion for reconsideration for an abuse of discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). This Court has applied that "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to

3

be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251); see also Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (Section "2255's savings clause provides a safety valve for actual innocence, but without short-circuiting § 2255's gatekeeping requirements.").

Robinson argues that because the superseding indictment in his case did not set out three or more federal drug violations to constitute a "continuing series" for purposes of the CCE statute, he is actually innocent of the CCE offense and was convicted for actions that the Supreme Court later deemed to be non-criminal in Richardson. As an initial point, it is not clear that Richardson would help Robinson even if he did not need the "safety valve" of § 2255 to pursue his claims. The indictment also charged (and Richardson was convicted of) conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; drug-related homicide (or aiding and abetting such), in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; and the distribution of cocaine (or aiding and abetting such), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Robinson's indictment also included overt acts underlying those counts that could potentially have counted as violations of the type that make out a "continuing series" for a CCE conviction. This circuit, at least, has interpreted Richardson to require that only the facts and circumstances underlying three drug felonies appear in the indictment in order to set out a "continuing series," but not necessarily that the CCE count specifically identify three felonies. See United States v. Bansal, 663 F.3d 634, 647 (3d Cir. 2011) ("[A]n indictment must include the facts and circumstances

4

comprising at least three felonies, but … the CCE count itself need not identify with exacting specificity which three will ultimately prove the CCE charge."). The <u>Bansal</u> case also allowed overt acts named within other counts of the indictment to comprise the elements of a "continuing series of violations." <u>See</u> <u>id.</u> at 648-49. Robinson has not adequately explained how his indictment would not have been sufficient to support his CCE conviction under that interpretation of <u>Richardson</u> and the CCE statute.

Regardless, Robinson has not shown that § 2255 is inadequate or ineffective to challenge his conviction. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the gatekeeping requirements of § 2255, <u>see</u> <u>Okereke</u>, 307 F.3d at 120, or because the sentencing court has denied relief, <u>see</u> <u>Cradle</u>, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Id.</u> at 538-39. Here, Robinson had already sought permission in the Sixth Circuit to file a successive § 2255 motion raising his <u>Richardson</u> claim, but that application did not meet the gatekeeping requirements of § 2255(h). Robinson has therefore already had access to a remedy that is not "inadequate or ineffective," albeit one that did not lead to the relief he sought.

Also, the <u>Richardson</u> holding does not directly "negate" Robinson's CCE conviction. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 251. The <u>Richardson</u> case involved what the indictment should charge and how the jury should be instructed, but it did not render the conduct that supported a CCE conviction non-criminal. Robinson has not shown that his actions, as described in the evidence at this trial, would fail to support a CCE conviction.

5

Robinson is not, therefore, actually innocent of conducting a criminal enterprise, so far as the record in this case shows.  Consequently, there is no basis for the argument that Dorsainvil should allow Robinson to file a § 2241 petition raising his Richardson claim.[2] The District Court's dismissal order was correct in all respects, and the District Court did not abuse its discretion when it declined to reconsider that order.

Finally, we find no basis for Robinson's contention that it would be improper for this Court to affirm the District Court's judgment or to dismiss his appeal, let alone his assertion that ruling against him would somehow reveal corruption, obstruction of justice, or racial bias on the part of the Court or the Clerk's Office.  We have carefully reviewed all of Robinson's submissions in this case, including his draft pro se brief, and applied the relevant legal standards to Robinson's arguments.  We have also taken Robinson's

---

[2] Other courts have rejected the argument that a petitioner can bring a Richardson claim through § 2241 petition instead of a § 2255 motion.  See Stephens v. Herrera, 464 F.3d 895, 899 (9th Cir. 2006) ("A Richardson claim is not, by itself, a claim of actual innocence.  Rather, it is a claim that the jury has not been told that § 848 requires unanimous agreement on the three particular acts comprising the 'series of violations.'  A jury might conceivably convict an innocent person of violating § 848 because of an instruction given in violation of Richardson, but the mere fact of an improper instruction is not sufficient to meet the test for actual innocence."); Kramer v. Olson, 347 F.3d 214, 218 (7th Cir. 2003) (per curiam) ("[A] Richardson claim is not the sort that will permit passage through the narrow opening of § 2255's savings clause."); Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003) ("[A] Richardson claim is not the type of defect that opens the portal to a § 2241 proceeding.  The conduct necessary to show a CCE offense is the same post-Richardson.  Richardson clarified the standard by which a jury must find a defendant guilty of a CCE offense, but it did not invalidate CCE offenses."); Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir. 2001) (per curiam) ("Richardson, however, has no effect on whether the facts in Jeffers's case would support his conviction for a substantive offense.").

previous proceedings in other courts into account. No bias or outside influence affected the disposition of this appeal.

For the foregoing reasons, we conclude that this appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. We will summarily affirm the District Court's judgment. Also, because the appeal has no arguable merit, there is no basis to hold the appeal in abeyance or to appoint counsel to represent Robinson on appeal. Robinson's motions to hold the appeal in abeyance and for the appointment of counsel are therefore denied. See 18 U.S.C. § 3006A(a)(2)(B).